**DAVID M.C. PETERSON**
California State Bar No. 254498
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
E-mail: david_peterson@fd.org

Attorneys for Mr. Haynes

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08cr1165-JM |
| Plaintiff, | Date: May 16, 2008 |
| | Time: 11:00 a.m. |
| v. | |
| ROBERTO TORRES-HERNANDEZ, | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

On March 27, 2008, Mr. Torres-Hernandez was arrested in a Chevrolet Tahoe approximately 9 miles North of the International Border on Japatul Road. This arrest occurred after agents in plain clothes and unmarked vehicles observed the Tahoe traveling eastbound on Japatul Valley Road in Jamul, California. As Agent Penagos stationed his vehicle on Lyons Valley Road, he could observe any vehicles exiting onto Spirit Valley Road. Agent Penagos began following the Tahoe to conduct surveillance. According to vehicle records checks, the vehicle was registered to an owner in Oceanside, California. Agent Miranda, who was in a marked border patrol vehicle, responded to request for assistance. He attempted a vehicle

---

[1] The following statement of facts is based on the probable cause statement and limited discovery provided by the government. Mr. Torres-Hernandez in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, he reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  stop, by activation of emergency lights and siren. The Tahoe continued driving for one mile, and terminated
2  pursuit at the Greenfield Avenue exit on Interstate 8. Plainclothes agents followed the Tahoe. Agent
3  Penagos deployed a controlled tire deflation device and stopped the vehicle. Three individuals and one in
4  the passenger seat were identified as undocumented aliens with no legal right to enter or remain in the
5  United States. Roberto Torres-Hernandez was arrested as the driver of the vehicle.

6  On April 15, 2008, Mr. Torres-Hernandez pled not guilty to a six-count indictment alleging
7  transportation of illegal aliens in violation of Title 8, United States Code § 1324(a)(1)(A)(ii) and bringing
8  aliens into the United States for the purpose of commercial advantage and private financial gain, in
9  violation of Title 8, United States Code § 1324(a)(2)(B)(ii). These motions follow

## II.

## MOTION TO COMPEL DISCOVERY

This request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989):

(1) <u>Mr. Torres-Hernandez's Statements</u>. The government must disclose: (a) copies of any written or recorded statements made by Mr. Torres-Hernandez; (b) copies of any written record containing the substance of any statements made by Mr. Torres-Hernandez; and (c) the substance of any statements made by Mr. Torres-Hernandez that the government intends to use, for any purpose, at trial. <u>See</u> Fed. R. Crim. P. 16(a)(1)(A)-(B). This request specifically includes a copy of any **audio and video-taped statements** of Mr. Torres-Hernandez and any rough notes agents took of his statements.

(2) <u>Mr. Torres-Hernandez's Prior Record</u>. Mr. Torres-Hernandez requests disclosure of his prior record. This includes Mr. Fudge's record of contacts with the United States Border Patrol and/or the Immigration and Naturalization Service, even if those contacts did not result in prosecution. <u>See</u> Fed. R. Crim. P. 16(a)(1)(D).

(3) <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Torres-Hernandez also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to he circumstances surrounding his arrest or any questioning. This request includes, but it is not limited to, any rough notes, photographs, records, reports, transcripts or other discoverable material. Fed. R. Crim. P. 16 (a)(1)(A)-(B),

1  (E); Brady v. Maryland, 373 U.S. 83 (1983). The government must produce arrest reports, investigator's
2  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining
3  to the defendant. Fed. R. Crim. P. 16 (a)(1)(A)-(B), (E); Fed. R. Crim. P. 26.2. **Specifically, Mr. Torres-**
4  **Hernandez requests the dispatch tapes between officers Miranda, Petras, and all other officers**
5  **involved in the stop and arrest of Mr. Torres-Hernandez..**

6  (4) Documents and Tangible Objects. Mr. Torres-Hernandez requests the opportunity to inspect,
7  copy, and photograph all documents and tangible objects which are material to the defense or intended for
8  use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P.
9  16(a)(1)(E).

10  (5) Reports of Scientific Tests or Examinations. Mr. Torres-Hernandez requests the reports of all
11  tests and examinations which are material to the preparation of the defense or are intended for use by the
12  government at trial. See Fed. R. Crim. P. 16(a)(1)(F).

13  (6) Expert Witnesses. Mr. Torres-Hernandez requests the name and qualifications of any person
14  that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(G). In addition, Mr.
15  Torres-Hernandez requests written summaries describing the bases and reasons for the expert's opinions.
16  See id. We request that the Court order the government to notify the defense as such in a timely manner,
17  so that a proper 104 (Kumho-Daubert) admissibility hearing can be conducted without unduly delaying the
18  trial.

19  (7) Brady Material. Mr. Torres-Hernandez requests all documents, statements, agents' reports, and
20  tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland,
21  373 U.S. 83 (1963). This request specifically includes a copy of any **audio and video-taped statement**
22  of material witnesses and any rough notes agents took of their statements.

23  In addition, impeachment evidence falls within the definition of evidence favorable to the accused,
24  and therefore Mr. Torres-Hernandez requests disclosure of any impeachment evidence concerning any of
25  the government's potential witnesses, including prior convictions and other evidence of criminal conduct.
26  See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976); United
27  States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints
28  filed (by a member of the public, by another agent, or any other person) against the agent, whether or not

the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. In addition, Mr. Torres-Hernandez requests any evidence tending to show that a prospective government witness: (a) is biased or prejudiced against the defendant; (b) has a motive to falsify or distort his or her testimony; (c) is unable to perceive, remember, communicate, or tell the truth; or (d) has used narcotics or other controlled substances, or has been an alcoholic.

(8) <u>Request for Preservation of Evidence</u>. Mr. Torres-Hernandez specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case. Mr. Torres-Hernandez specifically requests preservation of agent "rough notes," which includes all notes taken by any and all agents involved in the events leading up to the vehicle stop, the vehicle stop itself, the arrest and processing of Mr. Torres-Hernandez, whether the notes were written before, during, or after the arrest.

(9) <u>Any Proposed 404(b) Evidence</u>. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Torres-Hernandez requests such notice three weeks before trial in order to allow for adequate trial preparation.

This includes any "TECS" records (records of prior border crossings) that the Government intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b), as they are "other acts" evidence that the government must produce before trial. <u>See</u> <u>United States v. Vega</u>, 188 F.3d 1150, 1154-1155 (9th Cir. 1999). **Specifically, Mr. Torres-Hernandez requests information including reports of investigation, arrest reports, and any other information regarding his alleged previous arrests and releases on October 26, 2006.**

(10) <u>Witness Addresses</u>. Mr. Torres-Hernandez's counsel requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as

government witnesses. **Particularly, Mr. Torres-Hernandez requests the full name and last known addresses of all material witnesses, including the three percipient witnesses who were released and deported on February 5, 2007. In addition, Mr. Torres-Hernandez requests the names and addresses of all witnesses the government intends to call in any related cases.**

(11) <u>Jencks Act Material</u>.  Mr. Torres-Hernandez requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1).  This request also includes production of transcripts of the testimony of any witness before the grand jury.  <u>See</u> 18 U.S.C. § 3500(e)(3).

(11a) <u>Original I-213s</u>.  Counsel has received some but not all of the typewritten I-213s pertinent to this case.  Typically, however, in addition to the typewritten ones, the agents hand-write I-213 and related materials in the field.  Later, those notes are typed into the computer.  Counsel hereby requests the aforementioned handwritten notes.

(12) <u>Informants and Cooperating Witnesses</u>.  Mr. Torres-Hernandez requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Torres-Hernandez.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).  The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Torres-Hernandez.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The government must disclose any information indicating bias on the part of any informant or cooperating witness.  <u>Id.</u>

(13) <u>Residual Request</u>.  Mr. Torres-Hernandez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

### III.

### THIS COURT SHOULD ORDER PRESERVATION OF EVIDENCE

Mr. Torres-Hernandez requests the preservation of all physical evidence in this case.  This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or its private contractors) in this case.  <u>United States v. Riley</u>, 189 F.3d 802, 806-808

(9th Cir.1999). This request includes, but is not limited to: (1) the results of any fingerprint analysis; (2) Mr. Torres-Hernandez' personal effects; **(3) the agents' rough notes**; **(4) any radio broadcast, if it is recorded;** (5) any videotape taken of Mr. Torres-Hernandez, or anyone else involved in this case, including deported material witnesses; (6) any evidence seized from the defendant or any third party (i.e., material witnesses, co-defendants); and (7) the vehicle in this case. This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients). Defendant requests that government counsel be ordered to notify the agencies and private contractors with custody of such evidence of the Court's preservation order.

## IV.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defense counsel has received 130 pages of discovery in this case as of filing the instant pleadings. As information comes to light, the defense may find it necessary to file further motions. Specifically, Mr. Torres-Hernandez anticipates filing a stop motion, suppression motions, and motions to dismiss the indictment and compel grand jury transcripts as more information becomes available. Therefore, requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

## V.

## CONCLUSION

For these and all the foregoing reasons, the defendant, Mr. Torres-Hernandez, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

Dated: May 2, 2008
 */s/ David M.C. Peterson*
**DAVID M.C. PETERSON**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Torres-Hernandez

N:\Cases\1324\Torres-Hernandez\torres-hernandez.disc.mtn.wpd

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: May 2, 2008  /s/ DAVID M. PETERSON
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA  92101-5030
(619) 234-8467  (tel)
(619) 687-2666  (fax)
david_peterson@fd.org (email)

N:\Cases\1324\Torres-Hernandez\torres-hernandez.disc.mtn.wpd